IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ERICK RODERICO PIVARAL GONZALEZ, Individually and as Special Administrator of the Estate of NEHEMIAS R. PIVARAL SANTOS, DECEASED, ERICK SANTOS and EVELYN MORENO<br><br>**Plaintiffs**<br><br>V.<br><br>**CAYLEE ERIN SMITH &**<br>**EASTMAN CHEMICAL COMPANY**<br><br>**Defendants.** | Civil Action No. 3:22-CV-02714-K |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiff Erick Roderico Pivaral Gonzalez, Individually and as Special Administrator of the Estate of Nehemias R. Pivaral Santos, Deceased, Plaintiff Erick Santos, and Plaintiff Evelyn Moreno (collectively, "Plaintiffs") file this cause of action against Defendants Caylee Erin Smith and Eastman Chemical Company, and alleges and states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Erick Roderico Pivaral Gonzalez is an individual who resides in Springdale, Washington County, Arkansas, and who has been appointed the special administrator of the Decedent Nehemias R. Pivaral Santos' ("Decedent") estate. Plaintiff Gonzalez makes his permanent residence in Springdale, Arkansas, and it is his intent to remain there indefinitely. Plaintiff Gonzalez is Decedent's father.

1

2. At the time of his death, the Decedent was an individual who resided in Springdale, Washington County, Arkansas. Decedent made his permanent residence in Springdale, Arkansas, and upon information and belief it was his intent to remain there indefinitely.

3. Plaintiff Erick Santos is an individual who resides in Springdale, Washington County, Arkansas. Plaintiff Erick Santos makes his permanent residence in Springdale, Arkansas, and it is his intent to remain there indefinitely. Plaintiff Erick Santos is Decedent's brother.

4. Plaintiff Evelyn Moreno is an individual who resides in Springdale, Washington County, Arkansas. Plaintiff Moreno makes her permanent residence in Springdale, Arkansas, and it is her intent to remain there indefinitely.

5. Upon information and belief, Defendant Smith is an individual who resides in Polk County, Texas, and may be served at her residence located at 151 Wood Haven, Livingston, Texas 77351. Upon information and belief, Defendant Smith resides permanently at this address and intends to remain there indefinitely. At all times relevant to this action, Smith was an employee and/or agent of Defendant Eastman Chemical Company ("Eastman Chemical").

6. Upon information and belief, Eastman Chemical is a for-profit corporation incorporated in Delaware and whose principal place of business is in Tennessee. At all times relevant to this action, Eastman Chemical was a corporation doing business in the state of Texas, and its registered agent is United Agent Group Inc., 5444 Westheimer Suite 1000, Houston, TX 77056.

7. The fatal crash giving rise to this cause of action occurred in Navarro County, Texas, on Interstate 45.

8. The Court has jurisdiction over the parties and subject matter of this Complaint under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

9. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions on which the claims are based occurred in the Northern District of Texas, Dallas Division.

11. Pursuant to Texas Civil Practice & Remedies Code § 71.021, this action for injuries sustained by Decedent survives his death. This statute permits Plaintiff Gonzalez (in his capacity as an heir of Decedent and administrator of the Decedent's Estate) to prosecute and recover compensatory and exemplary damages for the claims set forth below.

## **FACTUAL BACKGROUND**

12. On or about April 30, 2022, at approximately 3:51 p.m., Decedent was a passenger in a vehicle in the inside lane heading northbound on Interstate 45 in Angus, Navarro County, Texas.

13. At the same time, Plaintiff Moreno was driving the vehicle with Decedent, and Plaintiff Erick Santos was a passenger in the vehicle.

14. At the same time and place, Smith, who is and at all times was an employee of Eastman Chemical, was operating a 2021 White Ford Explorer owned or leased by Eastman Chemical and traveling northbound on Interstate 45 behind Decedent's vehicle.

15. The vehicle carrying Decedent suffered a blow out of the front driver-side tire, forcing Plaintiff Moreno to pull over on the left-hand shoulder.

16. All of the occupants of the vehicle, including Decedent, exited the vehicle.

17. While Decedent and Plaintiff Moreno were preparing to change the tire, Smith struck the Decedent with her vehicle, killing him immediately.

18. Plaintiff Erick Santos was standing near Decedent when Decedent was struck by Smith's vehicle, and Plaintiff Erick Santos saw the collision.

19. Smith admitted to law enforcement officers that she was distracted while driving and did not see Decedent prior to striking him.

20. During Smith's trip on Interstate 45, she sent and received approximately 60 text messages and made and received multiple phone calls.

21. The last text message sent by Smith before striking Decedent was sent when Decedent was within visual distance of Smith's vehicle and was sent within 8 seconds of striking Decedent.

22. At the time Smith struck Decedent, she was traveling in excess of 85 miles per hour.

23. Smith told responding police officers that she did not see Decedent because she was looking at her navigation system.

24. Smith did not inform responding police officers that she was speeding or that she was in the middle of a text conversation when she struck and killed Decedent.

25. At the time Smith struck Decedent, she was acting in her capacity as an employee, agent, servant, ostensible agent, apparent agent, and/or a dual agent of Eastman Chemical.

26. Specifically, Smith was driving on Interstate 45 in order to attend a work conference in the Dallas area; her attendance at this conference was mandated by Eastman Chemical.

27. Following the collision that killed Decedent, Eastman Chemical paid for Smith's flight back to the Dallas area.

4

28. As an employee, agent, servant, ostensible agent, apparent agent, and/or a dual agent, Smith was operating the Ford Explorer owned by Eastman Chemical on behalf of Eastman Chemical.

29. At the time Eastman Chemical hired Smith, Smith had made multiple social media statements indicating that she has a history of dangerous and distracted driving.

30. At the time Eastman Chemical hired Smith, Smith had a prior citation for driving 80 miles per hour in a 65 mile per hour zone.

31. At all times relevant to this action, Smith was an outside sales representative for Eastman Chemical, giving her sole responsibility for selling window film products in South Texas.

32. As an outside sales representative, Smith spent at least half of her work week traveling between customer locations throughout Texas.

33. In 2021, after being hired by Eastman Chemical, Smith rear-ended another vehicle while driving the same Eastman Chemical-provided Ford Explorer that struck and killed Decedent.

34. Following this rear-end collision caused by Smith, Eastman Chemical failed to provide Smith with any additional training or supervision, nor did it take any actions to monitor Smith's driving.

35. In spite of the crucial role that driving played in her role as an outside sales representative, at no time did Eastman Chemical ever provide Smith with driving training.

36. At no time did Eastman Chemical ever deploy electronic means to prevent Smith from texting and driving.

37. At all times relevant to this action, Smith's supervisors reside outside of Texas, so she rarely received in-person instruction or coaching from Eastman Chemical.

## CAUSES OF ACTION

### *Count I – Negligence Against Caylee Erin Smith*

38. Defendant Caylee Erin Smith had a duty to use reasonable care when driving.

39. Plaintiffs allege that Smith was negligent in the following respects:

   A. Smith failed to keep a proper lookout on the roadway;

   B. Smith failed to keep her vehicle under reasonable control;

   C. Smith failed to make proper use of the instrumentalities in her control so as to avoid an accident when she saw, or in the exercise of ordinary care, should have seen Decedent;

   D. Smith failed to bring her vehicle under control or to change or divert its course when she saw, or in the exercise of ordinary care should have seen, that a collision was about to occur;

   E. Smith failed to drive at a speed that was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards;

   F. Smith was distracted while driving because she was looking at her cellphone and/or the integrated GPS system in her vehicle;

   G. Smith failed to yield; and

   H. Smith otherwise failed to exercise ordinary care under the circumstances.

40. As a direct and proximate result of the Smith's negligence, a collision resulted, and Decedent was killed.

41. As a further direct and proximate result of Smith's negligence and of Decedent's injuries, Plaintiffs have suffered great pain, suffering, and mental anguish and will continue to suffer these conditions into the future.

42. As a result of the conduct of Smith, Plaintiffs should be compensated for the nature, extent, duration, and permanency of his injuries as set out herein and below.

43. Plaintiffs seeks punitive damages against Smith to deter her from similar conduct in the future.

### *Count II – Respondeat Superior Liability Against Eastman Chemical Company*

44. Smith, at the time of the incident, in driving the vehicle owned by Eastman Chemical, was acting within the course and scope of her authority, employment, or agency with Eastman Chemical and all acts of negligence by Smith are imputed to her employer, Eastman Chemical. Accordingly, all allegations related to causation and damages, including punitive damages, are also imputed to Eastman Chemical.

### *Count III – Negligent Hiring Against Eastman Chemical Company*

45. Plaintiffs incorporate every foregoing paragraph by reference as if set forth herein word for word.

46. Eastman Chemical had a duty to have adequate policies and procedures in place to ensure it hired qualified and competent employees to drive its vehicles with ordinary care and without distraction.

47. Eastman Chemical failed in its duty and was negligent when it failed to have in place and/or chose not to follow proper policies and procedures, resulting in the hiring of an employee who was neither qualified nor competent to exercise sound judgment to drive its vehicles with ordinary care and without distraction, as evidenced by Smith's distracted driving and lack of ordinary care that caused the fatal crash.

48. At the time Eastman Chemical hired Smith, she had a prior citation for going 80 miles per hour in a zone restricted to 65 miles per hour.

49. At the time Eastman Chemical hired Smith, a public search of her social media would have revealed that Smith has made multiple statements indicating that she has a history of dangerous and distracted driving.

50. Eastman Chemical knew or should have known, based upon Smith's criminal history and social media posts, that she has a propensity towards dangerous distracted driving.

51. Eastman Chemical hired Smith for a position that requires a large amount of driving throughout the State of Texas.

52. Eastman Chemical's negligence in hiring an unqualified and incompetent driver was a proximate cause of the death of Decedent, and the damage set forth below.

*Count IV – Negligent Training Against Eastman Chemical Company*

53. Plaintiffs incorporate every foregoing paragraph by reference as if set forth herein word for word.

54. Eastman Chemical had a duty to have adequate policies and procedures in place to ensure the employees it allowed to drive its vehicles were competent, safe, adequately trained, and qualified to drive its vehicles with ordinary care and without distraction.

55. Although Smith's position as an outside sales representative involved a large amount of driving through Texas, Eastman Chemical failed to ever provide Smith with driver's training.

56. During Smith's employment by Eastman Chemical, Eastman Chemical had, and continues to have, policies prohibiting its drivers from engaging in distracted driving.

57. Eastman Chemical's Defensive/Distracted Driving Policy standard operating procedure explicitly acknowledges that prohibited distractions while driving include using mobile devices, computers, reading, using navigation systems, and watching videos.

58. Eastman Chemical's Defensive/Distracted Driving Policy standard operating procedure explicitly acknowledges that the use of a hand-held cell phone while driving is prohibited, including using a cell phone to answer or make calls, engaging in phone conversations, texting, reading, or responding to emails.

59. Eastman Chemical's Defensive/Distracted Driving Policy standard operating procedure states that use of voice-activated, hands-free devices are permissible only if the use of such devices allows a driver to keep their hands and eyes on the road.

60. Eastman Chemical did not effectively train Smith on its distracted driving policies, as Smith frequently engaged in texting and driving while driving her Eastman Chemical-provided Ford Explorer.

61. Eastman Chemical did not effectively train Smith on its distracted driving policies, as Smith frequently answered phone calls while driving her Eastman-provided Ford Explorer.

62. Eastman Chemical did not effectively train Smith on its distracted driving policies, as Smith does not recall receiving any such training.

63. Eastman Chemical failed in its duty and was negligent when it failed to train Smith adequately on its distracted driving policies, resulting in Smith's lack of qualification or competence as a driver.

64. Eastman Chemical's negligence in failing to properly train Smith was a proximate cause of the death of Decedent, and the damages set forth below.

*Count V – Negligent Supervision Against Eastman Chemical Company*

65. Plaintiffs incorporate every foregoing paragraph by reference as if set forth herein word for word.

9

66. Eastman Chemical had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently supervised those whose employment position required them to drive its vehicles on the roadways to complete their job tasks.

67. Eastman Chemical knew or should have known, based upon Smith's citation history and social media posts, that she has a propensity towards dangerous distracted driving.

68. Eastman Chemical made no efforts, or made ineffectual efforts, to limit Smith's ability to engage in distracted driving. Eastman Chemical could have, but did not, install software on her electronic devices that limited her ability to text and drive, install speed monitoring software on her company-provided vehicle, or install software that could have alerted Eastman Chemical or Smith that she was distracted while driving.

69. Smith's supervisors were located outside of Texas, and only rarely visited Smith to determine if she was driving in a safe manner.

70. Smith's written evaluations were silent as to her use of the Eastman-provided Ford Explorer, indicating that her supervisors did not believe it was important to scrutinize her use of that vehicle.

71. Following the 2021 rear-end collision caused by Smith in the Eastman-provided Ford Explorer, Eastman Chemical failed to adjust its supervision of Smith to ensure that she was driving safely.

72. Eastman Chemical did not supervise Smith to ensure she was using sound judgment and practicing safe driving techniques and habits while driving to complete her job tasks, as evidenced by Smith's distracted driving and lack of ordinary care that caused the fatal crash.

73. Eastman Chemical failed in its duty and was negligent when it failed to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate supervision of Smith.

74. Eastman Chemical's negligence in failing to properly supervise Smith was a proximate cause of the death of Decedent, and the damages set forth below.

### *Count VI – Negligent Retention Against Eastman Chemical Company*

75. Plaintiffs incorporate every foregoing paragraph by reference as if set forth herein word for word.

76. Eastman Chemical had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently retained those whose employment position required them to drive its vehicles on the roadways to complete their job tasks.

77. Upon information and belief, Eastman Chemical knew or should have known that Smith was engaging in dangerous distracted driving throughout her employment by Eastman Chemical.

78. Upon information and belief, Smith has systematically engaged in texting while driving throughout her entire employment with Eastman, and she has texted while driving multiple times while driving on Eastman Chemical's behalf.

79. Eastman Chemical's Defensive/Distracted Driving Policy standard operating procedure prohibits texting while driving and engaging in phone conversations while driving.

80. Eastman Chemical has a policy that employees found engaging in distracted driving may be disciplined, including termination.

81. Eastman Chemical knew or should have known about Smith's habit of texting while driving when she was driving on Eastman Chemical's behalf.

82. Eastman Chemical failed in its duty and was negligent when it failed to have in place and/or chose not to follow proper policies and procedures to prevent Smith from engaging in distracted driving, resulting in the inadequate retention of Smith.

83. Eastman Chemical knew or should have known that Smith was an unsafe driver when she caused a collision in 2021 while driving the Eastman-provided Ford Explorer.

84. Following the 2021 collision, Eastman Chemical knew or should have known that Smith was an unsafe driver and allowing her to drive on Eastman Chemical's behalf negligently endangered the public.

85. Eastman Chemical's negligence in retaining Smith was a proximate cause of the death of Decedent, and the damages set forth below.

### *Count VII – Wrongful Death Against Caylee Erin Smith*

86. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

87. Pursuant to Texas Civil Practice & Remedies Code § 71.002(b), 71.004(b), 71.009, and 71.010, Plaintiff Gonzalez is entitled to recover from Smith the actual damages attributable to the wrongful death of Decedent.  Plaintiff Gonzalez is also entitled to recover mental anguish damages.  Further, because Smith's acts and omissions resulted from gross negligence, exemplary damages should be awarded against Smith in an amount to be determined by the jury in this case.

### *Count VIII – Wrongful Death Against Eastman Chemical*

88. Plaintiffs incorporates the preceding paragraphs as if fully set forth herein.

89. Pursuant to Texas Civil Practice & Remedies Code § 71.002(b), 71.004(b), 71.009, and 71.010, Plaintiff Gonzalez is entitled to recover from Eastman Chemical the actual damages attributable to the wrongful death of Decedent.  Plaintiff Gonzalez is also entitled to recover mental anguish damages.  Further, because Eastman Chemical's acts and omissions resulted from gross

negligence, exemplary damages should be awarded against Eastman Chemical in an amount to be determined by the jury in this case.

## CAUSATION AND DAMAGES

90. Plaintiffs incorporates the preceding paragraphs as if fully set forth herein.

91. As a direct and proximate result of the Defendants' negligence, a collision resulted, and Decedent was killed.

92. As a further direct and proximate result of the Defendants' negligence and of Decedent's injuries, Decedent suffered great pain, suffering, mental anguish, and loss of future earning capacity.

93. As a result of the conduct of the Defendants, the Plaintiff Gonzalez, on behalf of the Decedent, should be compensated for the nature, extent, duration, and permanency of his injuries as set out herein.

94. As a further direct and proximate result of the Defendants' negligence and of Decedent's injuries, Plaintiff Gonzalez suffered substantial damages, including loss of companionship and society in the past and future, including damages to the family relationship, comfort, solace, companionship, protection, and services.

95. As a further direct and proximate result of contemporaneously viewing his brother's death, Plaintiff Erick Santos suffered substantial damages, including past and present physical pain and mental anguish, past and present lost earnings, past and present physical impairment, and past and present medical care expenses.

96. As a further direct and proximate result of the Defendants' negligence, Plaintiff Moreno suffered substantial damages, including past and present physical pain and mental

13

anguish, past and present lost earnings, past and present physical impairment, and past and present medical care expenses.

97. Plaintiffs seeks compensatory and exemplary damages from Defendants as set forth under Texas Civil Practice & Remedies Code § 71.002 & 71.009.

98. Plaintiffs seeks punitive damages against Defendants to deter them from similar conduct in the future.

WHEREFORE, the Plaintiffs Erick Roderico Pivaral Gonzalez, Individually and as Special Administrator of the Estate of Nehemias R. Pivaral Santos, Deceased, Erick Santos, and Evelyn Moreno respectfully pray for judgment against the Defendants, Caylee Erin Smith and Eastman Chemical Company, in an amount adequate to compensate them for the damages they have sustained and in an amount that exceeds $75,000.  Plaintiffs seek exemplary damages against both Defendants.  Plaintiffs further pray for costs, interest, for reasonable attorney's fees, and for all other proper relief to which they may be entitled.  Plaintiffs request a jury trial.  Plaintiffs reserve the right to plead and amend further herein.

        Respectfully Submitted,

        */s/ Grant K. Schmidt*
        Grant K. Schmidt
        Texas Bar No. 24084579
        HILGERS GRABEN PLLC
        7859 Walnut Hill Lane, Suite 335
        Dallas, TX 75230
        Telephone: 469.751.2819
        Fax: 402.413.1880
        Email: gschmidt@hilgersgraben.com

        Jacob White
        *Pro Hac Vice Forthcoming*
        Taylor King Law
        410 N. Thompson St., Suite B
        Springdale, AR 72764
        Telephone: 479.935.1761
        Fax: 479.334.5069
        Email: jacobwhite@taylorkinglaw.com

        *Counsel for Plaintiff Erick Rodericko Pivaral Gonzalez*

**CERTIFICATE OF SERVICE**

      I, Grant Schmidt, state that on this 14th day of August, 2023, I have electronically filed the foregoing via the ECF system, which shall serve a copy of the foregoing upon the parties by sending same to the following:

Brian Lynn Bunt
Freeman Mills PC
2020 Bill Owens Pkwy, Suite 200
Longview, TX 75604
903-295-7200
Fax: 903-295-7201
Email: bbunt@freemanmillspc.com

Graham Kirkland Simms
Freeman Mills PC
115 W 7th Street, Suite 1225
Fort Worth, TX 76102
682-316-1675
Fax: 682-316-1676
Email: gsimms@freemanmillspc.com

Roger W Anderson
Freeman Mills PC
12222 Merit Dr., Suite 1400
Dallas, TX 75251
214-800-5191
Fax: 214-800-5190
Email: rander@tyler.net

                                                    */s/ Grant K. Schmidt*
                                                    Grant K. Schmidt